Stanton L. Stein, State Bar No. 45997
  lstein@linerlaw.com
Joseph R. Taylor, State Bar No. 129933
  jtaylor@linerlaw.com
Edward A. Klein, State Bar No. 145736
  eklein@linerlaw.com
Ashley R. Yeargan, State Bar No. 259523
  ayeargan@linerlaw.com
Masahisa Mitsunaga, State Bar No. 261406
  mmitsunaga@linerlaw.com
LINER GRODE STEIN YANKELEVITZ
  SUNSHINE REGENSTREIF & TAYLOR LLP
1100 Glendon Avenue, 14th Floor
Los Angeles, California 90024-3503
Telephone:  (310) 500-3500
Facsimile:  (310) 500-3501

Attorneys for Plaintiff

Patricia L. Glaser, State Bar No. 55668
  pglaser@glaserweil.com
Sean Riley, State Bar No. 123533
  sriley@glaserweil.com
Devin A. McRae, State Bar No. 223239
  dmcrae@glaserweil.com
GLASER, WEIL, FINK, JACOBS,
  HOWARD & SHAPIRO, LLP
10250 Constellation Boulevard, 19th Floor
Los Angeles, California 90067
Telephone:  (310) 553-3000
Facsimile:  (310) 556-2920

Attorneys for Defendants

**_NOTE CHANGES MADE BY THE COURT_**

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOKYO BROADCASTING SYSTEM, INC., a Corporation registered in Japan, <br><br> Plaintiff, <br><br> vs. <br><br> AMERICAN BROADCASTING COMPANIES, INC., et al., <br><br> Defendants. <br><br>———————————————— <br> AND CONSOLIDATED ACTION. | LEAD CASE NO. CV 08-06550-MAN <br><br> [Consolidated with Case No. CV 08-06622-MAN] <br><br> [Consolidated cases assigned for all purposes to Magistrate Judge Margaret A. Nagle, Courtroom 580] <br><br> **PROTECTIVE ORDER** <br><br> Date Action Filed: October 6, 2008 <br><br> CASE NO. CV 08-06622-MAN |

690400

---

**PROTECTIVE ORDER**

Based on the parties' Stipulation Re: Protective Order ("Stipulated Protective Order"), filed on December 3, 2009, the terms of the parties' Stipulated Protective Order are adopted as a Protective Order of this Court except to the extent, as set forth below, that those terms have been modified by the Courts' amendment of paragraph 10 of the Stipulated Protective Order.

The parties are expressly cautioned that this Stipulated Protective Order, in and of itself, creates no entitlement to file under seal information, documents, or things designated as "Confidential" or "Highly Confidential" by the parties.  Accordingly, reference to this Stipulated Protective Order or to the parties' designation of any information, document, or thing as "Confidential" or "Highly Confidential" is wholly insufficient to warrant filing under seal.  Good cause must be shown to support a filing under seal, and the parties' mere designation of any information, document, or thing as "Confidential" or "Highly Confidential" does not – without the submission of **competent evidence** establishing that the material sought to be filed under seal qualifies as confidential, proprietary, trade secret, or private information – establish good cause.

## TERMS OF PROTECTIVE ORDER

1. In connection with discovery furnished by any of the Parties (or any of their present and former directors, officers, employees and agents) in the Action, counsel for the Parties may designate any nonpublic document, material, or

information as "Confidential" under the terms of this Protective Order if counsel in good faith believes that it contains the following proprietary or financial information:

(a)    Financial details regarding the Parties' internal business operations, including but not limited to revenue and expense reports, market projections, and other financial analysis;

(b)    Financial terms of contracts and/or agreements with cable, satellite and other broadcast service providers;

(c)    Financial terms of contracts and/or agreements for the acquisition of media content;

(d)    Information regarding current or former personnel, personal financial information, or other personally identifiable information; and

(e)    Trade secrets, defined pursuant to Section 3426.1 of the California Civil Code as "information, including a formula, pattern, compilation, program, device, method, technique, or process, that:

(1) Derives independent economic value, actual or potential, from not being generally known to the public or to other persons who can obtain economic value from its disclosure or use; and

(2) Is the subject of efforts that are reasonable under the circumstances to maintain its secrecy."

2.    In connection with discovery furnished by any of the Parties (or any of their present and former directors, officers, employees and agents) in the Action, counsel for the Parties may designate any nonpublic document, material, or information as "Highly Confidential" under the terms of this Protective Order if:

(a)    it is properly designable under the terms of this Protective Order as "Confidential" as described above at Paragraph No. 1; and

(b)    it contains or reflects trade secrets, proprietary, confidential or competitively sensitive business, commercial, research, development or financial information to which no personnel of the receiving party previously

690400

2

**PROTECTIVE ORDER**

have had unrestricted access, that, if disclosed to persons other than those permitted under Paragraph 7, could cause irreparable or substantial competitive or other injury; and

(c)     counsel in good faith believes that there is good cause to restrict the personnel of the receiving party from access to such documents, material or information.

3.     Any documents, material, or information to be designated as "Confidential" or "Highly Confidential" shall be so designated by affixing the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" to each page containing any "Confidential" or "Highly Confidential" documents, material, or information.

(a)     Affixing the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" on the cover of any multipage document which is bound, stapled, or otherwise securely attached shall designate all pages of the document as "Confidential" or "Highly Confidential," unless otherwise indicated by the producing party.

(b)     Transcripts of depositions of the Parties (or any of their present and former directors, officers, employees and agents) shall be provisionally designated "Highly Confidential" in their entirety until counsel for that party serves a separate written notice setting forth the designations for such transcript on a more specific basis, provided that the designating counsel shall make the designations within twenty-one (21) days of counsel's receipt of the original deposition transcript.

(c)     If at any deposition in the Action any document, material or information designated as "Confidential" or "Highly Confidential" is marked as an exhibit, inquired about or otherwise used, the portion of the deposition transcript that relates to such documents, material or information shall be automatically treated as if it had been so designated under the terms of this Protective Order.

690400

3

4.      The inadvertent production by any of the Parties of any "Confidential" or "Highly Confidential" document, material or information during discovery in this Action without a "Confidential" or "Highly Confidential" designation, or any other inadvertent production by such party of any document, material or information in discovery in this Action, shall be without prejudice to any claim that such material is "Confidential" or "Highly Confidential" or is privileged in any respect or protected from discovery as work product or as trial preparation material, and such party shall not be held to have waived any rights by such inadvertent production.  In the event that such production occurs, counsel for the producing party shall redesignate the appropriate level of confidentiality, which shall thereafter apply to such document, material or information subject to the terms of this Protective Order.  Counsel for the producing party will also re-produce the documents with the appropriate confidentiality designation.  In the event that any document that is subject to a claim of privilege or that is protected from discovery as work product or as trial preparation material is inadvertently produced, the party that inadvertently received the document shall return the document together with all copies of the document to counsel for the producing party promptly after it receives a written notice from counsel for the producing party that the document was produced inadvertently.

5.      Each party understands that treatment of documents and information as "Confidential" or "Highly Confidential" requires additional procedures (as specified in this Protective Order) and litigation therefore can be more burdensome to the extent that such designations are used.  Each party therefore expressly agrees that these designations will be used only when there is a good faith belief that they are warranted.  A party receiving documents, material, or information designated as "Confidential" or "Highly Confidential" may object to and request the removal of such designation, initially by making a good faith effort to resolve any such objection by contacting the producing party, and thereafter by court intervention, using the procedure set forth in Local Rule 37.  Each party agrees that it will promptly meet and

690400

4

**PROTECTIVE ORDER**

confer in good faith about the removal of a confidentiality designation from a particular document or documents when another party gives notice of its belief that the designation was not appropriate with respect to the document(s) specified. While any application, motion, or other such filing pertaining to the appropriateness of a confidentiality designation is pending before the Court, the documents, material, information or testimony in question shall be treated as "Confidential" or "Highly Confidential" pursuant to this Protective Order. In addition, to the extent the Parties desire to file the Joint Stipulation required by Local Rule 37 under seal, the Parties may file a stipulation to that effect or the moving party may file an ex parte application making the appropriate request. The Parties must set forth good cause in the stipulation or ex parte application as to why the Joint Stipulation or portions thereof should be filed under seal.

6.     Documents, material or information designated as "Confidential" (and any information derived therefrom) may be disclosed or made available by the receiving party only to the following:

(a)     The Court (including the Court's administrative and clerical staff) in written submissions or at any oral hearing in the Action (in the manner provided by paragraph 10 of this Protective Order);

(b)     (1) Attorneys of record in the Action and their affiliated attorneys, paralegals, clerical and secretarial staff employed by such attorneys who are actively involved in the Action and are not employees of any party. (2) In-house counsel to the Parties and the paralegal, clerical and secretarial staff employed by such counsel. Provided, however, that each non-lawyer given access to documents, material or information designated as "Confidential" shall be advised that such documents, material or information are being disclosed pursuant to, and are subject to, the terms of this Protective Order and that they may not be disclosed other than pursuant to its terms;

(c)     Those officers, directors, partners, members, employees and

690400

**PROTECTIVE ORDER**

agents of the Parties that counsel for such parties deems necessary to aid counsel in the prosecution and defense of this Action; provided, however, that prior to the disclosure of documents, material or information designated as "Confidential" to any such officer, director, partner, member, employee or agent, counsel for the party making the disclosure shall deliver a copy of this Protective Order to such person, shall explain its terms to such person, and shall secure the signature of such person on a statement in the form attached hereto as Exhibit A;

(d)     Court reporters transcribing depositions in the Action;

(e)     Any deposition, trial or hearing witness in the Action who previously has had access to the documents, material or information, or who is currently an officer, director, partner, member, employee or agent of an entity that has had access to the documents, materials or information;

(f)     Outside experts, advisors and/or translators consulted by the Parties or their counsel in connection with the Action, whether or not retained to testify at any oral hearing; provided, however, that prior to the disclosure of documents, material or information designated as "Confidential" to any such expert, advisor, and/or translator, counsel for the party making the disclosure shall deliver a copy of this Protective Order to such person, shall explain its terms to such person, and shall secure the signature of such person on a statement in the form attached hereto as Exhibit A.  It shall be the obligation of counsel, upon learning of any breach or threatened breach of this Protective Order by any such expert, advisor, and/or translator, promptly to notify counsel for the designating party of such breach or threatened breach;

(g)     Vendors retained by or for the Parties or their counsel to assist in preparing for pretrial discovery, trial, and/or hearings including, but not limited to, litigation support personnel, jury consultants, individuals to prepare demonstrative and audiovisual aids for use in the courtroom or in depositions

**PROTECTIVE ORDER**

or mock jury sessions, as well as their staff, stenographic, and clerical employees whose duties and responsibilities require access to such materials; provided, however, that prior to the disclosure of documents, material or information designated as "Confidential" to any such person, counsel for the party making the disclosure shall deliver a copy of this Protective Order to such person, shall explain its terms to such person, and shall secure the signature of such person on a statement in the form attached hereto as Exhibit A;

(h)     Any mediator or arbitrator that the Parties engage in this matter or the Court appoints; provided, however, that prior to the disclosure of documents, material or information designated as "Confidential" to any such mediator or arbitrator, counsel for the party making the disclosure shall deliver a copy of this Protective Order to such person, shall explain its terms to such person, and shall secure the signature of such person on a statement in the form attached hereto as Exhibit A;

(i)     Governmental law enforcement agencies and other governmental bodies pursuant to a valid subpoena, provided that:

(i)     the subpoenaed party give counsel for the designating party written notice of such subpoena within the shorter of (a) five (5) business days after service of the subpoena, and (b) five (5) business days prior to any production of documents, material or information in response thereto; and

(ii)     at or before the time of production the subpoenaed party proceed in good faith to seek to obtain confidential treatment of such "Confidential" subpoenaed documents, material or information from the relevant governmental law enforcement agency or body to the fullest extent available under law; and

(j)     Any other person that the Parties agree to in writing; provided, however, that prior to the disclosure of documents, material or information

690400

7

**PROTECTIVE ORDER**

designated as "Confidential" to any such person, counsel for the party making the disclosure shall deliver a copy of this Protective Order to such person, shall explain its terms to such person, and shall secure the signature of such person on a statement in the form attached hereto as Exhibit A.

7.     For documents, material, or information designated as "Highly Confidential" (and any information derived therefrom), the following procedures shall apply:

(a)     The designation "Highly Confidential" shall be used with respect to such documents, material or information in lieu of "Confidential."

(b)     Documents, material or information designated "Highly Confidential" shall receive all the same protections and treatment provided under this Protective Order as if they had been designated "Confidential," except that disclosure thereof under paragraph 6(b) of this Protective Order shall not extend to in-house counsel of the receiving party and there shall be no disclosure thereof under paragraph 6(c) of this Protective Order.

(c)     The provisions of paragraphs 5, 11 and 12 of this Protective Order as to the handling of disputes concerning the propriety of any designation of documents, material or information as "Confidential," and as to the availability of applications to the Court in relation thereto, shall apply equally to any disputes concerning the propriety of any designation of documents, material or information as "Highly Confidential."

8.     Documents, material or information designated as "Confidential" or "Highly Confidential" shall be used by the persons receiving them only for the purposes of preparing for, conducting, participating in the conduct of, and/or prosecuting and/or defending the Action, and not for any business or other purpose whatsoever.

9.     Nothing herein shall impose any restrictions on the use or disclosure by any party or witness of documents, material or information known or obtained by

690400

8

**PROTECTIVE ORDER**

such party or witness, by legitimate means, independently of the discovery obtained in the Action, whether or not such documents, material or information may additionally have been obtained through discovery in the Action.

10.     If documents, material or information designated as "Confidential" or "Highly Confidential" are to be included in any papers to be filed with any court or are to be otherwise used before any court, such papers shall, *in accordance with Local Rule 79-5*, be accompanied by an application to file the papers, or the confidential portion thereof, under seal.  The application shall be directed to the judge to whom the papers are directed.  Pending the ruling on the application, the papers or portions thereof subject to the sealing application shall be lodged under seal.

11.     Any party to the Action (or other person subject to the terms of this Protective Order) may ask the Court, after appropriate notice to the other parties to the Action, to modify or grant relief from any provision of this Protective Order, using the procedure set forth in Local Rule 37.

12.     Entering into, agreeing to, and/or complying with the terms of this Protective Order shall not:

(a)     operate as an admission by any person that any particular documents, material or information contain or reflect trade secrets, proprietary, confidential or competitively sensitive business, commercial, financial or personal information; or

(b)     prejudice in any way the right of any party (or any other person subject to the terms of this Protective Order) at any time:

(i)     to seek a determination by the Court of whether any particular document, material or information should be subject to protection as "Confidential" or "Highly Confidential" under the terms of this Protective Order; or

(ii)    to seek relief from the Court on appropriate notice to all other parties to the Action from any provision(s) of this Protective Order,

9

**PROTECTIVE ORDER**

690400

1                 either generally or as to any particular document, material or

2                 information, using the procedure set forth in Local Rule 37.

3        13.    Upon the termination of the Action (including all appeals), the Parties

4 either (a) shall promptly return to counsel for each designating party all documents,

5 material or information designated by that party as "Confidential" or "Highly

6 Confidential" and all copies thereof (except that counsel for each party may maintain

7 in its files one copy of each pleading filed with any court and one copy of each

8 deposition together with the exhibits marked at the deposition), or (b) may agree with

9 counsel for the designating party upon appropriate methods and certification of

10 destruction of such documents, material or information.  Also at such time, counsel

11 for the designating party shall be given copies of each statement in the form attached

12 hereto as Exhibit A that was signed pursuant to ¶ 6 of this Protective Order.

13        14.    This Protective Order shall survive the termination of this action, to the

14 extent that the information contained in "Confidential" or "Highly Confidential"

15 documents, material or information is not or does not become known to the public,

16 and the Court shall retain jurisdiction over this Protective Order for the purpose of

17 enforcing it.

18        15.    Any party to the Action who has not subscribed to this Protective Order

19 as of the time it is presented to the Court for signature may thereafter become a party

20 to this Protective Order by its counsel's signing and dating a copy thereof and filing

21 the same with the Court, and serving copies of such signed and dated copy upon the

22 other parties to this Protective Order.

23        16.    Any documents, material or information that may be produced by a non-

24 party witness in discovery in the Action pursuant to subpoena or otherwise may be

25 designated by such non-party as "Confidential" or "Highly Confidential" under the

26 terms of this Protective Order, and any such designation by a non-party shall have the

27 same force and effect, and create the same duties and obligations, as if made by one

28 of the Parties hereto.  Any such designation shall also function as a consent by such

1   producing party to the authority of the Court in the Action to resolve and conclusively

2   determine any motion or other application made by any person or party with respect

3   to such designation, or any other matter otherwise arising under this Protective Order.

4

5

6   Dated:  February 1, 2010

    _____

7   The Honorable Margaret A. Nagle
    United States Magistrate Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

690400

11

**PROTECTIVE ORDER**

**<u>EXHIBIT "A"</u>**

**<u>ACKNOWLEDGMENT FORM - PROTECTIVE ORDER</u>**

I, _____, hereby acknowledge that: (i) I have read the Protective Order entered in the action presently pending in the United States District Court, Central District of California, entitled <u>Tokyo Broadcasting System v. American Broadcasting Companies, Inc., et al.</u>, USDC Lead Case No. CV 08-06550-MAN (Consolidated with Case No. CV 08-06622-MAN) (the "Action"); (ii) I understand the terms of the Protective Order; and (iii) I agree to be bound by its terms.

I will not divulge to persons other than those specifically authorized by this Protective Order, and I will not copy or use, except solely for the purposes of this Action, any documents or information obtained pursuant to this Protective Order, except as provided therein or otherwise ordered by the Court.

I further understand that I am to retain all copies of all documents or any information designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" provided to me in this Action in a secure manner, and that all copies of such documents are to remain in my personal custody until termination of my participation in this Action, whereupon the copies of such documents will be returned to counsel who provided me with such material.

///
///
///

690400

1

**PROTECTIVE ORDER**

1         I consent to the jurisdiction of the United States District Court of the Central

2    District of California for the purpose of enforcing said Protective Order, enjoining

3    any anticipated violation of the Order or seeking damages for the breach of said

4    Order.

5         I declare under penalty of perjury, under the laws of the United States of

6    America, that the foregoing is true and correct.  Executed this _____ day of _____,

7    2009, at _____, California.

8    Date: _____

                                                               Signature

                                                               Title

                                                               Address

                                                               City, State, Zip

690400

2

**PROTECTIVE ORDER**